PING MINING AND MILLING COMPANY v. B. W.
GRANT, *a Minor, etc.*

No. 13,541.    (75 Pac. 1044.)

SYLLABUS BY THE COURT.

CONTRACTS—*Payment to Minor for Personal Services is Full Satisfaction.* A contract with a minor, under which he performed personal services for an employer, is not to be regarded as inoperative or void merely because of minority, or because the consent of his parents was not first obtained. Payment to the minor is a full satisfaction for such services, and the parents or guardian cannot recover therefor.

Error from Cherokee district court; A. H. SKID-MORE, judge. Opinion filed March 12, 1904. Affirmed.

*Edward E. Sapp,* for plaintiff in error.

*Finch & Wheatley,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by B. W. Grant, a minor, to recover from the Ping Mining and Milling Company for personal services rendered as bookkeeper. He recovered $213.60, and of some of the rulings made the company complains.

There is a contention that a recovery was not warranted because Grant was a minor. The petition alleges, and the record discloses, that he was about twenty years of age when the contract was made and the services were performed. The mere fact of minority, however, does not bar a recovery or defeat the judgment. While the parents are the natural guardians of the infant, and ordinarily control him and his services, binding contracts may be made by the infant. Contracts for his benefit may be upheld, and among

these are contracts for necessaries, as well as contracts of service.   As a contract of service may be beneficial to a minor, it would, generally speaking, be binding upon him, and as between the infant and a third person such a contract is not to be regarded as void, merely because the previous consent of the parent may not have been given.   Here no claim was made by the parent, and the record does not show that either of the parents of the minor is living, or, if living, that they have not relinquished their right to his services and time.   It is shown that the contract for service was made with the minor, and with him alone ; that the services were rendered in accordance with the contract, and, under the statute, the mining company is fully protected in a payment for the services to him.   General Statutes of 1901, section 4185, provides :

"When a contract for the personal service of a minor has been made with him alone, and those services are afterwards performed, payment made therefor to such minor in accordance with the terms of the contract is a full satisfaction for those services, and the parent or guardian cannot recover therefor."

The amended petition fairly stated that the claim for services was due when the action was commenced, and the objection made to the pleading is not good. The proof sufficiently established the claim for services, and the objections made to the admission of testimony are not substantial.   The judgment of the district court is affirmed.

All the Justices concurring.